1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VIRGIL L. CARLSON,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA,

                    Defendant.

CASE NO. C08-5119BHS

ORDER DENYING
PLAINTIFF'S MOTION TO
VACATE U.S. ATTORNEY'S
CERTIFICATION AND
REMAND

        This matter comes before the Court on Plaintiff's Motion to Vacate U.S.

Attorney's Certification and Remand Case to State Court (Dkt. 5).  The Court has

considered the pleadings filed in support of and in opposition to the motion, the

declarations submitted in support and opposition to the motion, and the remainder of the

file herein and hereby denies Plaintiff's motion for the reasons stated herein.

**I.**

**PLAINTIFF'S MOTION TO STRIKE
PORTIONS OF MARR DECLARATION**

        Plaintiff has made an apparent motion to strike certain portions of the Declaration

of Harrison Marr (Dkt. 13).  Plaintiff contends that certain sections of Mr. Marr's

declaration "are not relevant or based on personal knowledge" and contain

"impermissible legal opinions." Dkt. 15 at 3.  The Court finds that with respect to

ORDER – 1

statements on page 2, lines 2-13, and page 2, lines 24-27, Plaintiff's motion to strike

should be denied.  However, with respect to the statements contained on page 3, lines 1-5,

the Court finds these statements reflect Mr. Marr's interpretation of facts he does not have

personal knowledge of and do contain impermissible legal opinions and therefore should

be disregarded.

## II.

### PLAINTIFF'S MOTION TO VACATE
### U.S. ATTORNEY'S CERTIFICATION

This matter comes before the Court in conformity with the Federal Tort Claims

Act (FTCA), specifically 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679(d)(2), upon removal

from state court pursuant to certification under 28 U.S.C. § 2675(a), known as the

Westfall Act, finding that the injuries sustained by Plaintiff, which form the basis of his

claims, were allegedly caused by an employee of the United States Postal Service (USPS)

while acting within the scope of his employment. Upon this certification, the United

States was substituted for Mr. Langer, the Defendant in state court. Dkt. 1.  Plaintiff is

now challenging the United States Attorney's certification that Mr. Langer was acting

within the scope of his employment when he allegedly caused Plaintiff's injuries by

making contact with Plaintiff's chair, thereby moving it from underneath him, causing

Plaintiff to fall to the ground when he attempted to sit down. Dkt. 5.

A United States Attorney's certification regarding the scope of a federal

employee's employment is reviewable by this Court. *Martinez v. Lamagno,* 515 U.S. 417,

436-437 (1995).  Certification by the United States Attorney is prima facia evidence

creating a rebuttable presumption that a federal employee was acting within the scope of

his employment. *Pauly v. U.S. Dept. of Agriculture,* 348 F.3d 1143, 1150-51 (9th Cir.

2003); *Billings v. U.S.*, 57 F.3d 797, 800 (9th Cir. 1995).  The challenging party bears the

burden of proof by a preponderance of the evidence. *Id.*

The Court's analysis of the scope of employment question is "controlled by the law of the place where the allegedly tortious acts occurred." *Simmons v. U.S.,* 805 F.2d 1363, 1368 (9th Cir. 1986).  Pursuant to the Restatement (Second) of Agency § 228:

> (1) Conduct of a servant is within the scope of employment if, but only if:

> (a) it is of the kind he is employed to perform;

> (b) it occurs substantially within the authorized time and space limits;

> (c) it is actuated at least in part, by a purpose to serve the master, . . . ;

> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

This is further supplemented by Restatement (Second) of Agency § 229 (1958), which states in pertinent part:

> (2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:

> (a) whether or not the act is one commonly done by such servants;

> (b) the time, place and purpose of the act;

> (c) the previous relations between the master and the servant;

> (d) the extent to which the business of the master is apportioned between different servants;

> (e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;

> (f) whether or not the master has reason to expect that such an act will be done;

> (g) the similarity in quality of the act done to the act authorized;

> (i) the extent of departure from the normal method of accomplishing an authorized result; . . . .

*See also Hays v. Lake,* 36 Wn. App. 827, 829 (1984); *Sanders v. Day,* 2 Wn. App. 393, 397 (1970). The Washington Supreme Court has further stated that:

ORDER – 3

1

2

3

4
> The test in Washington for determining whether the employee was, at any given time, in the course of his employment, is whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, or, as sometimes stated, whether he was engaged at the time in the furtherance of the employer's interest. In following this test we have emphasized the importance of the benefit to the employer in determination of the scope of employment.

5 *Dickinson v. Edwards,* 105 Wn.2d 457, 467 (1986).

6 In the instant matter, as described in the depositions of Plaintiff and Mr. Langer

7 (Dkts. 6, 12-2, 12-3), both Plaintiff and Mr. Langer were in the USPS break room

8 watching the 2005 world series. USPS workers at the location employing Plaintiff and

9 Mr. Langer are required to take two 15-minute breaks a day; they are paid for this time,

10 and they are not allowed to leave the premises. A break room is provided to the

11 employees and the events giving rise to Plaintiff's cause of action took place in the break

12 room. Plaintiff has severe hearing problems and when he entered the break room Mr.

13 Langer tried to audibly get his attention. Plaintiff did not hear Mr. Langer's attempts.

14 Plaintiff pulled out a chair to sit in at a position in front of Mr. Langer but remained

15 standing for a few minutes. Mr. Langer, in an attempt to get Plaintiff's attention, made

16 contact with Plaintiff's chair thereby moving it from its original position behind Plaintiff.

17 Mr. Langer then got up and attempted to reposition the chair in its original position.

18 Plaintiff subsequently attempted to sit down and missed the chair. Plaintiff fell to the

19 floor and sustained injuries from this fall.

20 Plaintiff contends that Mr. Langer was not acting within the scope of his

21 employment because he was not performing the duties of a mail handler when the

22 incident occurred, he was not acting within the furtherance of the USPS business, and

23 because Mr. Langer intentionally kicked Plaintiff's "chair away by reason of his ill will,

24 jealousy, hatred, or other ill feelings." Dkt. 5 at 5-7. Plaintiff cites *Kuehn v. White,* 24

25 Wn. App. 274 (1979), for this last proposition and contends that this case is analogous to

26 the instant matter. *Id.* at 5. In *Kuehn*, a truck driver cut off another motorist and then

27 encroached on the motorist lane forcing him to change lanes. 24 Wn. App. at 275-76.

28

ORDER – 4

1    The motorist indicated that he wanted the truck driver to pull over several times while

2    these vehicular altercations were taking place and eventually both the truck driver and the

3    motorist pulled over to the side of the road. *Id.* The truck driver then proceeded to get out

4    of his truck and assault the driver with a lead pipe. *Id.* The record before the Court in the

5    instant matter does not contain anything beyond Mr. Langer's admission that he

6    intentionally kicked Plaintiff's chair in order to get his attention and then subsequently

7    attempted to move the chair back to its original position. Dkt. 6 at 29-30. The Court does

8    not find that *Keuhn* is applicable to the instant matter. The record in *Keuhn* clearly shows

9    that the truck driver had stepped away from his master's business and was motivated by

10   "his ill will, jealousy, hatred, or other ill feelings, independent of the servant's duty." *Id.*

11          The Court finds that Mr. Langer's actions occurred within the time and space

12   limits provided by his employer. He was on a paid break that he was required to take and

13   was in the area provided by the USPS as a "break room." Dkt. 6 at 27. Also, these breaks

14   were, at least in part, for the purpose of serving the USPS as it was a requirement that the

15   breaks be taken, the breaks were paid breaks, and the employees were not allowed to

16   leave the premises. *Id.* at 24. Furthermore, while Mr. Langer's acts were not the kind that

17   he was employed to perform, the Court finds that they were incidental to his required

18   duties. The purpose of a break period is to allow employees a period of time where they

19   are relieved from their normal duties. However, these employees are required to take a

20   break and the act of taking a break itself can be seen as a required duty. Therefore, the

21   act of taking a break is in the furtherance of the employer's interests. Furthermore, while

22   no regulations or rules on conduct had been specifically enumerated, the acts that did take

23   place were not so intentional and removed from normal activities to go outside the scope

24   of events that the employer might expect will be done.

25          The Court finds instead that the instant matter is analogous to *Robel v. Roundup*

26   *Co.*, 148 Wn.2d 35 (2002). In *Robel*, employees were considered acting within their

27   scope of employment when they verbally harassed another co-worker on company

28

ORDER – 5

property and during working hours. 148 Wn.2d at 54.  Like in *Robel*, Mr. Langer's acts took place on company property, during work hours, and there is nothing in the record that shows that Mr. Langer was acting due to some exceptional personal motivation or animus that would take his acts outside of the scope of his employment.  Under these circumstances, Plaintiff has not carried his burden of showing by a preponderance of the evidence that Mr. Langer was acting outside the scope of his employment that would rebut the presumption in favor of the United States Attorney's certification.

### III.

### ORDER

Therefore, it is **ORDERED** that Plaintiff's Motion to Vacate U.S. Attorney's Certification and Remand Case to State Court (Dkt. 5) is hereby **DENIED.**  Plaintiff's motion to strike certain portions of the Declaration of Harrison Marr (Dkt. 13) is hereby **GRANTED in part and DENIED in part.**  The statements contained on page 3, lines 1-5, of the Declaration of Harrison Marr are hereby **STRICKEN**.

DATED this 14th day of April, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 6