UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VIRGIL L. CARLSON,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. C08-5119BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant United States' Motion and Memorandum in Support of Motion for Summary Judgment (Dkt. 17). The Court has considered the pleadings filed in support of the motion and the remainder of the file, and no response having been filed by Plaintiff, hereby grants Defendant's motion for the reasons stated herein.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of

ORDER – 1

1 proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of
2 fact for trial where the record, taken as a whole, could not lead a rational trier of fact to
3 find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
4 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative
5 evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e).
6 Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
7 supporting the claimed factual dispute, requiring a judge or jury to resolve the differing
8 versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W.*
9 *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

        The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**DISCUSSION**

        Defendant moves for summary judgment on the basis that Plaintiff's sole remedy for his cause of action is limited to compensation through the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.* Dkt 17 at 2 (citing *Markham v. United States,* 434 F.3d 1185, 1187 (9th Cir. 2006)). Plaintiff did not respond to Defendant's motion and pursuant to Local Rule CR 7(b)(2) this "may be considered by the court as an admission that the motion has merit." In fact, the United States correctly

ORDER – 2

points out that "FECA is the exclusive remedy available to federal employees against the United States for injuries sustained in the course of the federal employment." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993).  Therefore, the United States' motion for summary judgment should be granted.

**ORDER**

Therefore, it is **ORDERED** that the United States' Motion and Memorandum in Support of Motion for Summary Judgment (Dkt. 17) is hereby **GRANTED.**

DATED this 6th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3